UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
NACHUM ZAGER
on Behalf of Himself and All Others Similarly Situated,
    Plaintiffs,

vs.

CAPITAL ONE BANK USA, NA
Mr. Richard D. Fairbanks,
Chief Executive Officer
    Defendants.
-------------------------------------x

**CLASS ACTION COMPLAINT**

Plaintiff Demands A
Trial By Jury

**09 CIV. 7019**

Plaintiff, on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges, upon knowledge as to his own acts and otherwise upon information and belief, as follows:

## INTRODUCTION

1. This is a class action for damages and declaratory relief brought on behalf of Capital One Credit Card Holders for Defendants' repeated violations of the New York Consumer Protection from Deceptive Acts and Practices Act, GBL §349, Breach of Contract Negligent Misrepresentation and TILA. This Class Action Complaint alleges that CAPITAL ONE advertised a "0% APR for twelve months" and failed to do as they advertised.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendants have violated the provisions of the New York Consumer Protection from Deceptive Acts and Practices Act and New York GBL and TILA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

1

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Plaintiff resides here, Defendants transact business here and the conduct complained of occurred here.

3. This action is instituted to recover damages and costs of suit, including reasonable attorneys' fees, against defendants for the injuries sustained by plaintiffs and the members of the Damages Class by reason of the violations alleged in this Complaint. This action is also instituted to secure injunctive relief against defendants to prevent further threatened harm and damage to plaintiff and the members of the Injunctive Relief Class.

## PARTIES

4. Proposed class action representative and Plaintiff, Nachum Zager, is natural person residing at 33 Dana Rd., Monsey, New York 10952.

5. Defendant, Capital One Bank is a banking Corporation, its Chief Executive Officer is Richard D. Fairbank, with its corporate headquarters located at 1680 Capital One Dr. McLean, VA 22102-3407.

## FACTUAL ALLEGATIONS

6. Plaintiff has a bank account with Capital One Bank and received an email offering him a "0% APR for twelve months".

7. The email states "transfer your higher-rate balances over to your Capital One account, they'll stay at a low 0% rate for twelve months after the first transfer posts to your account".

8. Plaintiff and others similarly situated accepted Defendants' offer and transferred his balances from other credit card accounts to his Capital One account in an effort to pay up his balances with "0% APR for twelve months".

9. Plaintiff, and others similarly situated, specifically transferred his account balances to Capital One because of the 0% APR for the period of twelve months.

10. Plaintiff wrote out two checks based one this offer for one thousands dollars each.

11. On or about April 10, 2009 Plaintiff received a letter from defendants rescinding the offer of "0% APR for twelve months" to "0% APR for six months"

12. Plaintiff, and others similarly situated only accepted the offer for the twelve months period of 0% APR.

13. Plaintiff has a fixed income and the decrease of time for 0% APR has affected him greatly.

14. Defendants had no intention of honoring their offer.

15. Defendants willfully misrepresented the terms of its offer knowing that it would not honor the promise.

16. Defendants "Bait and Switched" the offer offered to the Plaintiff and others similarly situated, and they accepted the offer.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (herein "Class"). The Class which Plaintiff seeks to represent is defined as follows:

3

**All persons who have or had Credit Cards from CAPITAL ONE BANK and transferred accounts over from other credit card companies due to the promotion of 0% APR for 12 months at any time from May 13, 2009, the date the promotion was issued, the complaint is filed in this action to the present.**

18. The Class excludes Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns and successors.

19. This action has been brought and may properly be maintained as a class action pursuant to CR 23.

20. **Numerosity of the Class:** The Class is so numerous that Joinder of all such persons is impracticable and the disposition of their claims in a Class Action rather than in individual actions will benefit the parties and the Court. The precise number of Class members and their addresses are unknown to Plaintiff, although it is believed that the Class numbers in the thousands. Members of the Class may identified from Defendants' records, and may be notified of the pendency of this action by mail, supplemented, if deemed necessary, by published notice.

21. **Existence and Predominance of Common Questions of Law and Fact:** There is a well-defined community of interest in the questions of law and fact involved in this case which affect all members of the Class and which predominate over any individual issues.

Questions of law and fact common to the Class members include, but are not limited to, the following:

a. Whether Defendants' conduct breached Class members' standardized contracts;

b. Whether Defendants' conduct breached implied terms in Class members' standardized contracts;

c. Whether Plaintiff and Class members are entitled to the declaratory relief prayed for below;

d. Whether Defendants' conduct violates the New York Consumer Protection from Deceptive Acts and Practices Act, GBL §349, or the applicable consumer protection statutes of other states;

e. The proper measure of Class members' damages; and

f. Whether Plaintiff and the Class are entitled to injunctive relief and the nature of such relief.

g. Whether Defendants conduct violated the TILA laws.

22. **Typicality:** Plaintiff's claims are typical of those of the Class because the material terms of Defendants' "0% APR for 12 months" offer are the same as Class Members' "0% APR for 12 months" offer by CAPITAL ONE BANK, which was breached after Plaintiff accepted the offer.

23. **Adequacy:** Plaintiff adequately represents the Class because he will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the other members of the Class, which he seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in complex class action litigation and consumer litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

24. A Class Action is the superior method for fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class, while not inconsequential, may be relatively small, the expense and burden of individual litigation make it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Further, it would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation also presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

25. In addition, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

26. This action may also be maintained as a class action because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with respect to the members of the Class.

6

## FIRST CLAIM: VIOLATION OF THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES ACT; NEW YORK GBL

27. Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

28. Plaintiff is a consumer. Defendant, CAPITAL ONE BANK, is a banking entity governed by state and federal laws. In connection with a consumer transaction, Defendants engaged in unfair and deceptive practices, prohibited by New York law, aimed at causing substantial harm to the plaintiff.

29. Defendants violated the New York Consumer Protection from Deceptive Acts and Practices Act; NY GBL §349(a) by deceiving consumers in the furnishing of "0% APR for twelve months"

30. Defendants violated the New York Consumer Protection From Deceptive Acts And Practices Act; NY GBL §350 by false advertising in the furnishing of "0% APR for twelve months"

31. Defendants violated the New York Consumer Protection From Deceptive Acts And Practices Act NY GBL §350a by misleadingly advertising in the furnishing of "0% APR for twelve months"

## SECOND CLAIM: VIOLATION OF TRUTH IN LENDING

32. Plaintiff, on behalf of himself and members of the Class, realleged as if fully set forth here, each and every allegation above.

33. Defendants failed to comply with the requirements of Regulation Z governing advertising, that require Defendants to disclose all correct fees pertaining to the offer "If an advertisement for credit states specific credit terms, it shall state only those terms that actually are or will be arranged or offered by the creditor." 12 C.F.R. §226.24(a);

34. Defendants violated the Truth in Lending Act (TILA), wherein the true amount of 0% APR of six months was not initially disclosed to the Plaintiff.

35. As a result Plaintiff and others similarly situated have suffered damages.

### THIRD CLAIM: BREACH OF CONTRACT

36. Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

37. Defendants have breached its agreements and contracts with plaintiffs by rescinding its offer of "0% APR for twelve months".

38. Defendants' breaches were in bad faith. Alternatively and in the unlikely event such breaches are found not to be in bad faith, plaintiff affirmatively pleads good faith breach of contract.

### FOURTH CLAIM: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

40. The defendants are subject to liability to the plaintiff for their breach of express and implied "good faith and fair dealing covenant" made with respect to furnishing of the

8

"0% APR for twelve months" Specifically, the defendants expressly stated, through their advertisements, and by the statements of their employees and agents, that the "0% APR for twelve months" would be a great benefit to Plaintiff and it would be for twelve months.

41. Defendants knowingly, recklessly and/or culpably breached the implied good faith and fair dealing covenant by changing the 0% APR to six months despite the fact that they explicitly promised that there will be 0% APR for twelve months.

## FIFTH CLAIM: NEGLIGENT MISREPRESENTATION

42. Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

43. Defendants made misrepresentations of facts to Plaintiffs and caused Plaintiffs to rely upon said representations. Plaintiffs' reliance thereon was reasonable under all of the circumstances and plaintiffs sustained damages as a result of the misrepresentations.

## SIXTH CLAIM: FRAUD

44. Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

45. Defendants willfully misrepresented the terms and never intended to honor the offer offered to the Plaintiff and others similarly situated. Defendants subsequently "Bait and Switched" the offer and Plaintiff and other similarly situated accepted the offer. Therefore Defendants have deceived the Plaintiff and others similarly situated and is being held liable on terms of fraud.

9

46. Plaintiff and others similarly situated were not aware of the Defendants deceitful intentions and have suffered damages. Defendants are being held liable to Plaintiff.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and all claims.

**PRAYER FOR RELIEF**

**WHEREFORE**, individual and representative Plaintiff requests of this Court the following relief, on behalf of himself and all others similarly situated:

A. An order certifying the proposed plaintiff Class, and appointing Plaintiff and her counsel of record to represent the Class;

B. An order that the Defendants be permanently enjoined from their improper activities and practices described herein;

C. An order awarding declaratory relief as requested herein and as the Court deems appropriate;

D. An order awarding restitution and/or disgorgement of profits;

E. An order mandating that Defendants correct any negative reports about Plaintiff and Class members provided by them to credit reporting bureaus in the event that it arises due to the aforesaid violation relating to the allegations herein;

F. An award of compensatory damages, treble damages and any additional, consequential and incidental damages and costs suffered by Plaintiff and members of the Class due to of Defendants' wrongful conduct;

10

G.  Prejudgment interest, attorney's fees, costs of suit, including expert witness fees; and

Such other and further legal and equitable relief, including exemplary relief, as this Court may deem proper.

DATED: July 28, 2009
Spring Valley, New York

/s/ Joshua N. Bleichman
Joshua N. Bleichman
Law Office of Bleichman and Klein
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
NACHUM ZAGER
on Behalf of Himself and All Others Similarly Situated,
    Plaintiffs,

vs.                                       Rule 7.1 Statement

CAPITAL ONE BANK USA, NA
Mr. Richard D. Fairbanks,
Chief Executive Officer
    Defendants.
-------------------------------------x

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for NACHUM ZAGER (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:
N/A

Dated: Spring Valley, New York
July 28, 2009

                                              /s/ Joshua N. Bleichman
                                              Joshua N. Bleichman