# ReedSmith

**MEMO ENDORSED**

Casey D. Laffey
Direct Phone: +1 212 549 0389
Email: claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 9, 2010

**BY HAND AND OVERNIGHT COURIER**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _____

Re: **Zager v. Capital One Bank et al., Case No 09-civ-7019 (KMK)**

Dear Judge Karas,

We represent defendants Capital One Bank USA, N.A. ("Capital One") and Richard D. Fairbanks ("Mr. Fairbanks") (collectively, "Defendants") in the above-referenced action and write concerning the issues raised at the January 11, 2010 pre-motion conference and to request that this action be dismissed because Plaintiff has made no effort – despite numerous extensions – to amend his Complaint and, as set forth below, any amendment would be futile.

As the Court may recall, this is an action commenced by plaintiff Nachum Zager ("Plaintiff") against Defendants alleging that Capital One breached an agreement with Plaintiff to provide "0% APR for twelve months" on certain balance transfers made by Plaintiff to a Capital One account. Complaint ¶¶ 6-16. By letter dated January 7, 2010, Defendants requested a pre-motion conference and leave to dismiss the Complaint on several grounds. The principal basis for dismissal was because the documentary evidence cited to and relied upon in the Complaint conclusively demonstrated that a contract was never formed between Plaintiff and Capital One for "0% APR for twelve months." More specifically, the documentary evidence demonstrated that Capital One's April 1, 2009 offer relied upon by Plaintiff (the "April 1 Offer") for "0% APR for the life of the balance," was rescinded by Capital One on April 19, 2009 *well before* Plaintiff made the balance transfers on May 1, 2009.[1] Therefore, because Capital One withdrew the April 1 Offer *prior* to Plaintiff's acceptance of the April 1 Offer, no contract was formed between the parties sufficient to state a claim for breach of contract. See Davey v. Jones, 2007 WL 1378428, at * 5 (S.D.N.Y. May 11, 2007); see also Fuji Photo Film USA, Inc. v. McNulty, 2009 WL 3754359, at *3 (S.D.N.Y. Nov. 4, 2009).

---

[1] A copy of Plaintiff's account statement demonstrating that the balance transfers were made on May 1, 2009 is annexed hereto as Exhibit "A".

Honorable Kenneth M. Karas
March 9, 2010
Page 2

**ReedSmith**

The Court held a pre-motion conference on January 11, 2010 when both the Court and Plaintiff's counsel seemingly agreed that the April 1 Offer – which was revoked prior to acceptance by Plaintiff – could not form the predicate for a breach of contract claim against Capital One. However, because Plaintiff's counsel represented at the conference – contrary to the allegations of the Complaint – that Plaintiff actually relied on a second, subsequent offer made by Capital One when making the balance transfers, Your Honor gave Plaintiff until March 1, 2010 to serve and file an Amended Complaint and ordered Plaintiff to produce to Defendants the subsequent offer he was relying on to form the basis of his claims against Capital One.

Since that conference nearly two months ago, Plaintiff has failed to file an Amended Complaint or come forward with any explanation as to how he can state a claim against Capital One. As to the filing of the Amended Complaint, Plaintiff's counsel – Joshua N. Bleichman, Esq. – contacted us on the afternoon of March 1st and requested an extension of Plaintiff's time to file the Amended Complaint. While we did not understand why nearly two months was insufficient time for Plaintiff to prepare an Amended Complaint, we informed Mr. Bleichman that we would agree to an extension so long as Defendants' time to respond to the Amended Complaint was extended by the same time frame. However, we made clear to Mr. Bleichman that because the deadline was imposed by Your Honor, he would have to make an application to the Court seeking the extension. A copy of our email to Mr. Bleichman is annexed hereto as Exhibit "B". Subsequently, on March 1, 2010, Mr. Bleichman wrote to the Court. However, rather than requesting the extension, Mr. Bleichman stated, "This is to inform you, that the Amended Complaint that was due today has been extended to March 8, 2010 . . . ." By Order dated March 4, 2010, the Court granted Plaintiff's "request" in part, giving Plaintiff until March 8, 2010 to file and serve an Amended Complaint and noting, as we did, that "it is the Court, not Plaintiff, that decides if its deadlines may be moved." Because Plaintiff failed to comply with that deadline by filing an Amended Complaint, we ask that this action be dismissed.

In any event, even if an Amended Complaint had been timely filed, it is clear that the amendment would have been futile and insufficient to remedy the defects of the original Complaint. More specifically, after the January 11, 2010 conference, we made repeated requests of Plaintiff's counsel to provide us with a copy of the subsequent offer Plaintiff referred to at the conference as the basis for his claims. See, e.g., Exh. "A". We never received anything from Plaintiff until March 3, 2010 – two days after Plaintiff was originally required to file an Amended Complaint. As to that correspondence, Plaintiff's counsel forwarded an email sent to Plaintiff by Capital One on July 31, 2009 – *over two months **after*** Plaintiff's May 1, 2009 balance transfers. A copy of the email is annexed hereto as Exhibit "C". Plaintiff again fails to explain how an offer made by Capital One almost 3 months after his balance transfers can form the basis for his decision to make those balance transfers and the basis for a contract claim against Capital One.

Similarly, Plaintiff has not provided an explanation why he sued Mr. Fairbanks – the Chief Executive Officer of Capital One – when there is not a single fact alleged in the Complaint even remotely supporting a basis to pierce the corporate veil and hold Mr. Fairbanks liable for the actions of Capital One. In fact, Plaintiff never even served Mr. Fairbanks with the Summons and Complaint.

Honorable Kenneth M. Karas
March 9, 2010
Page 3

ReedSmith

Since this lawsuit was filed in August 2009, Plaintiff has been constantly shifting theories in desperate search for factual support for a breach of contract action that should have never been brought in the first place. Defendants should not be required to sit back and wait while Plaintiff fishes for a claim that does not exist and attempts to drum up a class action lawsuit that has no basis in law or fact.

Therefore, because Plaintiff has failed to timely amend his Complaint and because, for the reasons set forth above and in our January 7, 2010 letter, any amendments to the Complaint would be futile, Defendants respectfully request that the Complaint be dismissed with prejudice.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Casey D. Laffey

cc: Joshua N. Bleichman, Esq.

*[Handwritten note:]* Plaintiff is to respond to this letter by March 19, 2010.

So ordered.

KMK
3/11/10