UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Nachum Zager,

                Plaintiff,

-v-

Capital One Bank USA, NA ,

                Defendant.

Case No. 09-CV-7019 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    Plaintiff filed this action on August 7, 2009. (Dkt. No. 1.) At a conference before the Court held on January 11, 2010, Plaintiff's counsel, Joshua Bleichman, agreed to amend the Complaint by March 1, 2010, to cure certain acknowledged defects. (Unnumbered docket entry between Dkts. 7 and 8.) On March 1, 2010, Mr. Bleichman sent a letter to the Court which stated: "This is to inform you, that the Amended Complaint that was due today has been extended to March 8, 2010," with his adversary's consent. (Dkt. No. 8.) The Court granted the extension, but noted that "[i]n the future it is the Court, not Plaintiff, that decides if its deadlines may be moved." (Id.) The Court did not hear from Mr. Bleichman again until March 25, 2010 (Dkt. No. 10), and he still has not amended the Complaint. On March 29, 2010, the Court scheduled a conference for April 15, 2010, to consider Defendant's motion to dismiss for failure to prosecute. (Id.) On April 14, 2010, Mr. Bleichman requested that the Court adjourn the April 15th conference, claiming he had to attend a closing. (Dkt. No. 12.) The Court denied the request, noting that, pursuant to its Individual Rules, "[c]ounsel is not allowed to wait until the day before a conference to claim a scheduling conflict, especially when the conflict was known to

counsel well before." (*Id.*)

Mr. Bleichman did not show up to the April 15th conference. Instead, he hired outside counsel to attend the conference for the sole purpose of asking that it be adjourned – a request which Mr. Bleichman knew the Court had already denied. The hired counsel acknowledged he was not fully familiar with this case, thus his appearance violated the Court's requirement that trial counsel appear at every conference. Accordingly, the Court now orders Mr. Bleichman to show cause, by April 20, 2010, why this case should not be dismissed for failure to prosecute, and why Mr. Bleichman should not be required to pay the legal fees that Defendant incurred in having its counsel attend the conference which Mr. Bleichman skipped and which, consequently, did not move this case towards resolution. Defendant will have two weeks to respond. No extensions will be granted.

SO ORDERED.

Dated:  April 16, 2010
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE